IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

AMY MADISON                                                                                         PLAINTIFF

v.                                              CIVIL NO. 22-cv-5210

KILOLO KIJAKAZI, Acting Commissioner                                            DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Amy Madison, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 1382. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed her application for SSI on November 6, 2019. (Tr. 12). In her application, Plaintiff alleged disability beginning on November 1, 2018, due to vision problems/blindness, depression, fibromyalgia, falling, and high blood pressure. (Tr. 12, 185). An administrative hearing was held on June 3, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 32–54). A vocational expert ("VE") also testified. *Id*. At this hearing, Plaintiff amended her alleged onset date to her protective filing date, November 6, 2019. (Tr. 12).

On September 17, 2021, the ALJ issued an unfavorable decision. (Tr. 9–23). The ALJ found that Plaintiff suffered from the following severe impairments: right hip bursitis, degenerative disc disease and degenerative joint disease of the cervical spine, right ankle fracture, fibromyalgia,

hypertension, and obesity. (Tr. 14–16). The ALJ also found the Plaintiff had nonsevere impairments of depression, visual impairments, and diabetes mellitus. The ALJ found Plaintiff's impairments did not meet or medically equal the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16–17). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform the full range of sedentary work as defined in 20 C.F.R. §416.967(a). (Tr. 17–21). The ALJ found Plaintiff was unable to perform any of her past relevant work, and applied the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, and found that Plaintiff was not disabled pursuant to Medical-Vocational Rule 201.24. (Tr. 21–22). The ALJ found Plaintiff was not disabled from November 6, 2019, through the date of this decision. (Tr. 22). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 17, 19).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the

2

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issue on appeal: whether the ALJ erred by failing to assess Plaintiff's RFC on a function-by-function basis, failing to identify medical evidence that supported the RFC findings, and by discounting the only medical opinion of record. (ECF No. 17). Defendant argues that the ALJ properly discussed and considered Plaintiff's objective medical testing, examination findings, conservative treatment, medical opinions and prior administrative medical findings, her reported activities, and her testimony. (ECF No. 19). Defendant argues the ALJ appropriately considered the non-examining physician opinions and assigned greater physical limitations than opined based upon Plaintiff's testimony and treatment records.

The Court has reviewed the entire transcript and the parties' briefs and agrees with Defendant's assertion that this decision was supported by substantial evidence. The ALJ appropriately considered all of the evidence of record, and his RFC determination was based upon substantial evidence. For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 13th day of September 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE